IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLEY BRIGGS | * | |
|     Plaintiff, | | |
| v. | * | CIVIL ACTION NO. PJM-05-2365 |
| OFFICER HAMMOCK | * | |
|     Defendant. | | |
| | *** | |

## **MEMORANDUM OPINION**

This civil rights action alleges excessive use of force in violation of the Eighth Amendment. Pending is Defendant's unopposed Motion to Dismiss or for Summary Judgment. Paper No. 16. After review of the Complaint and pleadings, the Court concludes that an oral hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendant's motion, construed as a Motion for Summary Judgment, will be granted.

**Background**

Plaintiff, an inmate at the Maryland Correctional Adjustment Center ("MCAC"), alleges that after Correctional Officer Hammock secured a three-point restraint device around Plaintiff's waist, Hammock "hauled off and hit me in the left side of my ribs knocking me on my bunk. I was in pain and could hardly breathe...." Paper No. 1 at 4. He asks for punitive damages and an emergency transfer to a Virginia mental institution. *Id*.

Defendant has filed, as exhibits, the declarations of Defendant Hammock and MCAC Assistant Warden Simon Wainwright and certified copies of records taken from Plaintiff's institutional base and medical files. Paper No. 16 at Exs. 1 & 2. Hammock argues that Plaintiff's claims are subject to dismissal for the failure to exhaust administrative remedies. Alternatively, he asserts that he is entitled to judgment in his favor.

Officer Hammock maintains that Plaintiff's claims are false. He denies harassing and verbally or physically abusing Plaintiff and affirms that he never hit Plaintiff in the ribs. Paper No.

16, Ex. 1. He maintains that had such an incident occurred he would have been required to have prepared a written report and Plaintiff would have been sent to the medical unit. *Id.*, Ex. 1. Hammock further states that he wrote a matter of record on June 30, 2005, concerning a June 5, 2005 cell search and the subsequent removal of pictures and papers from the walls and light fixtures of Plaintiff's cell. *Id.* Hammock argues that there is no evidence of an injury to Plaintiff caused by the alleged assault.

In his declaration, MCAC Assistant Warden Wainwright affirms that Plaintiff did file an administrative remedy on or about June 5, 2005, which complained that Hammock had verbally harassed Plaintiff, removed his magazines and pictures from his cell, and "one day hit me in my ribs so hard I was in pain for a while...." *Id.*, Ex. 2. Wainwright affirms that Plaintiff refused to cooperate or participate in the ensuing investigation by the administrative remedy coordinator. *Id.*, Ex. 2. Wainwright states that there is no record in Plaintiff's base file regarding any incident involving Hammock hitting Plaintiff in the ribs. *Id.*, Ex. 2.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed.

R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element....necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The court must look at: the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers,* 475 U.S. 312, 321 (1986). While the prisoner's injury need not be significant to violate the Eighth Amendment, something more than a *de minimis* injury is required in order to prove that excessive force was used. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) (generally, no Eighth Amendment excessive force claim exists where any injury sustained by

the plaintiff is *de minimis* and the force is not of a source "repugnant to the conscience of mankind").[1]

Plaintiff offers no rebuttal evidence to Defendant's verified exhibits and declarations to show that the alleged incident did in fact occur and that he suffered more than *de minimis* injury. He has completely failed to project evidence supporting his claim that he was assaulted. Further, Plaintiff has never claimed that he suffered any injury. Medical records reflect that prior to and after the alleged incident, Plaintiff made repeated sick-call requests regarding various subjective ailments. He plainly had access to healthcare personnel upon request. Notwithstanding this accessibility, Plaintiff voiced no complaints of injury related to the alleged assault.

Having found no genuine dispute of material fact justifying a trial on the merits in this case, the Court shall grant Defendant's Motion for Summary Judgment by separate Order which follows.[2]

Date: 10/10/06                                              /s/
                                              PETER J. MESSITTE
                                              UNITED STATES DISTRICT JUDGE

---

[1] When determining whether injuries suffered by an inmate at the hands of prison officers are *de minimis*, a court should consider: (1) the context in which the injuries were sustained, *i.e.,* was there a disturbance which required the use of force; (2) did the inmate seek medical care; (3) were any injuries documented in the medical records generated shortly after the incident; and (4) are the documented injuries consistent with the prisoner's allegations of excessive force or are they more consistent with the application of the amount of force necessary under the circumstances of the particular incident. *See Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir. 1998); *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Riley v. Dorton*, 115 F.3d 1159, 1168 (4th Cir. 1997); and *Norman*, 25 F.3d at 1264.

[2] Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2385-86 (2006); *Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam). Plaintiff does not refute Defendant's argument that he has failed to fully exhaust his administrative remedies as to the claims raised herein.